S. BRETT SUTTON, 12109
brett@suttonhague.com
**JARED HAGUE, 12761**
jared@suttonhague.com
**SUTTON HAGUE LAW CORPORATION, P.C.**
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119
Telephone:  (702) 270-3065
Facsimile:  (702) 920-8944

Attorneys for Defendants:
STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS,
PAMELA CASTAGNOLA, KIM FRIEDMAN,
KATI PAYTON, and EDWARD COUSINEAU

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LARA WARD, an individual, | **Case No.:** 2:17-cv-03029-JAD-NJK |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)** |
| vs. | |
| STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS, DON ANDREAS, an Individual, PAMELA CASTAGNOLA, an Individual, KIM FRIEDMAN, an Individual, KATI PAYTON, an Individual, TODD RICH, an Individual, AND EDWARD COUSINEAU, an Individual; DOES I - X, | **Complaint Filed:** December 11, 2017 |
| | **Trial Date:** None set |
| | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

**TO THE COURT, EACH PARTY, AND TO EACH COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTIFIED:** Defendants STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS, PAMELA CASTAGNOLA, KIM FRIEDMAN, KATI

PAYTON, and EDWARD COUSINEAU (collectively, "Defendants") will, and hereby do, move the Court for an order granting Motion to Dismiss certain of Plaintiff LARA WARD's ("Plaintiff") Causes of Action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

Specifically, Plaintiff seeks to dismiss the following claims against the Nevada State Board of Medical Examiners under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction—largely on the basis of the Board's Eleventh Amendment Immunity:

- Plaintiff's First Cause of Action for Unlawful Sexual Discrimination in Violation of NRS 613.330(1);
- Plaintiff's Second Cause of Action for 42 U.S.C. § 1983: Equal Protection;
- Plaintiff's Third Cause of Action for Retaliation Under NRS 613.340
- Plaintiff's Fourth Cause of Action for Intentional/Negligent Infliction of Emotional Distress;
- Plaintiff's Fifth Cause of Action for Negligent Supervision/Retention/Hiring; and
- Plaintiff's Sixth Cause of Action for Defamation/Slander/Libel Per Se.

Plaintiff further seeks to dismiss the following claims against the Ms. Pamela Castagnola, Ms. Kim Friedman, Ms. Kati Payton, and Mr. Ed Cousineau under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted—largely on the basis that these claims may only be made against employers:

- Plaintiff's First Cause of Action for Unlawful Sexual Discrimination in Violation of Title VII and NRS 613.330(1);
- Plaintiff's Third Cause of Action for Retaliation Under Title VII and NRS 613.340
- Plaintiff's Fifth Cause of Action for Negligent Supervision/Retention/Hiring; and

Defendants' Motion to Dismiss is based on the following Memorandum of Points and Authorities; such arguments of counsel as may be presented at the hearing on this matter; and all papers and records on file herein.

/ / /

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

ii

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF CASE ................................................................................................. 2

    A. Parties .................................................................................................................. 2

    B. Claims ................................................................................................................. 2

    C. Unrelated Disparaging Allegations ..................................................................... 3

    D. Procedural Posture .............................................................................................. 4

III. LEGAL STANDARD ...................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 5

    A. This Court Should Dismiss All Claims Against The Board, With The Exception Of Title VII, For Want Of Subject Matter Jurisdiction Under Rule 12(b)(1) Because Of The Established Precedent Demonstrating The Board's Entitlement To Sovereign Immunity Under The Eleventh Amendment .................................... 5

        1. In *Buckwalter*, The Ninth Circuit Acknowledged That The Nevada State Board Of Medical Examiners Is Entitled To Sovereign Immunity Under The Eleventh Amendment—Applying That Doctrine To Claims Under 42 U.S.C. § 1983 ............................................................................................. 5

        2. In *Buckner*, The Nevada District Court Acknowledged That Eleventh Amendment Protections Also Protect Nevada State Boards From Being Sued In Federal Court For State Law Tort Claims .................................... 7

        3. In *Baker*, The Nevada District Court Acknowledged That Eleventh Amendment Protections Also Warrant Dismissal Of State Employment Law Claims ................................................................................................ 8

    B. This Court Should Dismiss Plaintiff's Claims Against The Individual Board Employees Under Title VII, NRS Chapter 613, and State Tort Law For Negligent Hiring, Supervision, And Retention Insofar As The Ninth Circuit And Nevada District Court Have Recognized That These Claims May Only Be Brought Against "Employers" ............................................................................................. 9

        1. This Court Should Dismiss All Title VII and NRS 613 Claims Against The Individual Board Employees Because The Ninth Circuit And Nevada District Courts Have Recognized That Neither Statute Provides For Personal Liability ............................................................................................. 9

        2. This Court Should Dismiss Plaintiff's Negligent Hiring, Supervision, And Retention Claim Against The Individual Board Employees Because That Claim Can Only Impose Liability On "Employers"—Not Employees .... 11

V. CONCLUSION .............................................................................................................. 13

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

iii
_____
DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

# TABLE OF AUTHORITIES

**Cases:**

*Baker v. Nevada*,
  2015 WL 2233115 (D. Nev. May 12, 2015) .................................................................. 5, 8, 9

*Buckner v. Nevada*,
  599 F. Supp. 788 (D. Nev. 1984) .................................................................................... 5, 6, 7

*Buckwalter v. Nevada Bd. Of Medical Examiners*,
  678 F.3d 737 (9th Cir. 2012) ................................................................................................ 5, 6

*Chavez v. Sievers*,
  118 Nev. 288 (Nev. 2002) ...................................................................................................... 10

*Christian v. Nevada Public Works Bd.*,
  2009 WL 1407990 (D. Nev. May 18, 2009) ................................................................ 9, 10, 11

*Daniels v. Engel*,
  2014 WL 7802888 (Nev. Dist. Ct. Jan. 24, 2014) ................................................................. 1, 12

*Employees v. Missouri Public Health & Welfare Dep't*,
  411 U.S. 279 (1973) .................................................................................................................. 6

*Hall v. SSF Inc.*,
  930 P.2d 94  (1996) ................................................................................................................ 11

*Miller v. Maxwell's Intern. Inc.*,
  991 F.2d 583 (9th Cir. 1993) ................................................................................................ 9, 11

*Pennhurst State School & Hosp. v. Halderman*,
  465 U.S. 89 (1984) .................................................................................................................. 6

*Roberts v. Corrothers*,
  812 F.2d 1173 (9th Cir. 1987) ................................................................................................ 4

*Thompson v. Davis*,
  295 F.3d 890 (9th Cir. 2002) .................................................................................................. 4

*Warnock v. Pecos County, Texas*,
  88 F.3d 341 (5th Cir. 1996) .............................................................................................. 1, 5, 7

**Rules:**

Fed. R. Civ. Proc. 12(b)(1) ................................................................................. 1, 2, 4, 5, 7, 8, 12
Fed. R. Civ. Proc. 12(b)(6) ................................................................................................ 1, 2, 4, 12
Fed. R. Civ. Proc.  12(e) ............................................................................................................... 4
Fed. R. Civ. Proc. 12(f) ................................................................................................................ 4

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

iv

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS, PAMELA CASTAGNOLA, KIM FRIEDMAN, KATI PAYTON, and EDWARD COUSINEAU (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Due in large part to Plaintiff's imprecision in drafting, Plaintiff's Complaint appears to bring several claims which are categorically foreclosed by on-point United State Supreme Court, Ninth Circuit and Nevada District Court precedent.

Most egregiously, Plaintiff brings several improper claims against the Nevada State Board of Medical Examiners—a government organization who, according to the Ninth Circuit, is entitled to sovereign immunity under the Eleventh Amendment. Based on this immunity, this Court is required to dismiss Plaintiff's claims against the Board under 42 U.S.C. § 1983, Nevada's employment statute contained in NRS Chapter 613, and Nevada state tort law, not only as improper, but also for want of subject matter jurisdiction. *E.g.*, *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996) (holding that claims barred by the Eleventh Amendment, "can be dismissed only under Rule 12(b)(1).").

Similarly, Plaintiff also brings several improper claims against the individual Board Employees[1], who stand as co-defendants in the immediate matter. These include claims under Title VII and NRS Chapter 613—statutes which the Ninth Circuit and Nevada District Court have interpreted as providing no form of personal liability. Moreover, Plaintiff also improperly asserts claims against the Board Employees for negligent hiring, supervision, and retention, irrespective of the fact that these claims can only be, "asserted directly against the employer

---

[1] As discussed, *infra*, Board Employees is defined collectively to include the co-defendants: 1) Executive Director, Edward Cousineau; 2) former Deputy Executive Director, Todd Rich; 3) Chief of Investigations, Pamela Castagnola; 4) Deputy Chief of Investigations, Don Andreas; 5) Senior Investigator, Kim Friedman; and 6) Investigator, Kati Payton. Of these Board Employees, Defendants represent all but Mr. Andreas and Mr. Rich.

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

1

---
DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

independently of any negligence committed by the employee." *E.g.*, *Daniels v. Engel*, 2014 WL 7802888 (Nev. Dist. Ct. Jan. 24, 2014). Based on these holdings, this Court should dismiss these claims for failure to state a claim on which relief can be granted.

Accordingly, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and issue an order for Plaintiff to file and amended complaint accordingly.

## II. STATEMENT OF CASE

### A. Parties

The primary defendant in the immediate case is the Nevada State Board of Medical Examiners (the "Board")—an organization created and regulated by the State of Nevada pursuant to NRS 630.050 *et seq.* in order to ensure that only well-qualified and competent medical practitioners receive licenses to practice within the state. In carrying out this mission, the Board employed several individuals, who are also listed as co-defendants in the immediate matter. These individuals include: 1) Executive Director, Edward Cousineau; 2) former Deputy Executive Director, Todd Rich; 3) Chief of Investigations, Pamela Castagnola; 4) Deputy Chief of Investigations, Don Andreas; 5) Senior Investigator, Kim Friedman; and 6) Investigator, Kati Payton (collectively, "Board Employees"). Plaintiff's Complaint fails to specify whether the operative causes of action have been brought against the Board Employees in either their official or individual capacities.[2]

The plaintiff is Ms. Lara Ward ("Ms. Ward" or "Plaintiff")—a current employee of the Board who has worked as an Investigator from April 2015 to the present. On or about September 21, 2017, the Board placed Ms. Ward on paid administrative leave following a complaint made by Senior Investigator, Kim Friedman, that Ms. Ward had confronted her alone in the Board's parking lot—making Ms. Friedman feel both uncomfortable and intimidated.

/ / /

---

[2] In Plaintiff's Caption, Plaintiff follows each Board Employees name with the phrase, "An Individual." Accordingly, for purposes of this Motion to Dismiss, Defendants will assume that any claims brought against the Board Employees are brought against them in their individual, rather than official, capacities. Should Plaintiff clarify that this is not the correct understanding, Defendants reserve the right to file a supplementary motion accordingly.

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

2

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

**B.     Claims**

After being placed on paid administrative leave, Ms. Ward promptly brought the immediate action alleging claims for: 1) sexual discrimination under both Title VII and NRS 613.330; 2) deprivation of equal protection under 42 U.S.C. § 1983; 3) retaliation under both Title VII and NRS 613.340; 4) intentional and negligent infliction of emotional distress (pled together); 5) negligent supervision, retention, and hiring (pled together); and for 6) defamation, slander, and libel per se (pled together). Plaintiff's Complaint, however, largely fails to identify which claims are brought against which Defendants.[3]

Similarly, Plaintiff's Complaint does not specify which facts relate to which cause of action. Rather, Plaintiff spends the initial 17 pages of her Complaint outlining a general narrative of background events, while articulating all six of her causes of action in the following five pages. In general, Plaintiff alleges that Ms. Ward obtained a valuable piece of evidence while working with her direct supervisor, Deputy Chief of Investigations, Don Andreas—to which he allegedly responded, "[w]ho did you have to blow to get that?" Complaint (ECF No. 1), at pg. 6:19-21. After objection to Mr. Andreas' comments, Ms. Ward alleges that Mr. Andreas began to engage in and encourage a campaign of retaliation against Ms. Ward that ultimately included the other Board Employees. Specifically, Ms. Ward alleges that this included incidents of: 1) being denied a promotion; 2) being scored poorly on her performance evaluation; 3) having her work reviewed too closely; 4) disproportionate enforcement of workplace rules against her; and, ironically, both 5) being, "subject to a caseload that was double, and in some case, triple that of other investigators;" and 6) "refusal to assign new cases to Ms. Ward, despite repeated requests for the same." *See*, Complaint, at pg. 13:24-16:11.

**C.     Unrelated Disparaging Allegations**

Plaintiff spends four pages outlining "various instances of improper conduct and improprieties" that appear to attack the credibility and character of the Board and Board Employees generally—without any or apparent relevance to her actual causes of action. These

---

[3] Given this ambiguity, Defendants assume that each of Plaintiff's causes of action is brought against both the Board and each Board Employee.

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

3

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

include sweeping and unfounded accusations that the Board and Board Employees: 1) deliberately targeted innocent physicians due to personal animus; 2) engaged in government "cover ups" of improperly handled investigations; 3) accepted bribes; 4) used the "N-word" in the past; and 5) had been arrested for public intoxication. *See*, Complaint, at pg. 8:18-11:22.

### D.   Procedural Posture

Based on the lack of structure and questionable relevance of significant portions of Plaintiff's Complaint, Defendants have concurrently brought several motions under Federal Rule of Civil Procedure 12, in addition to the immediate Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6). These include both: 1) a Motion to Strike Scandalous Matter under Rule 12(f), related to Plaintiff's litany of unrelated disparaging allegations against the Board and Board Employees; and 2) a Motion for More Definite Statement under Rule 12(e), related to, among other things, Plaintiff's general failure to identify which facts apply to which claims and which claims are brought against which Defendants. Defendants bring these motions on behalf of the Board and Board Employees—with the exception of Deputy Chief of Investigations, Don Andreas, who is represented by separate counsel, and former Deputy Executive Director, Todd Rich.

## III.   LEGAL STANDARD

Before responding to a pleading, a defendant may first move to dismiss plaintiffs allegations on any of several grounds enumerated by Federal Rule of Civil Procedure 12(b) including for, "lack of subject matter jurisdiction," or for, "failure to state a claim on which relief can be granted." Fed. R. Civ. Proc. 12(b)(1)—(6). In reviewing the sufficiency of either ground, the court must assume the truth of all facts alleged within the complaint as they are presented on their face—construing those facts in the light most favorable to plaintiff. *E.g.*, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Mere legal conclusions need not be taken as true however, even if cast in the form of a factual allegation. *E.g.*, *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

/ / /

/ / /

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

4

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

## IV. ARGUMENT

### A. This Court Should Dismiss All Claims Against The Board, With The Exception Of Title VII, For Want Of Subject Matter Jurisdiction Under Rule 12(b)(1) Because Of The Established Precedent Demonstrating The Board's Entitlement To Sovereign Immunity Under The Eleventh Amendment

This Court should dismiss Plaintiff's claims against the Board for violations of 42 U.S.C. § 1983, Nevada's employment statutes in NRS Chapter 613, and Nevada state tort law insofar as the Ninth Circuit has expressly recognized that the Nevada State Board of Medical Examiners is entitled to Eleventh Amendment sovereign immunity—specifically immunizing it from 42 U.S.C. § 1983 suits in federal court. *Buckwalter v. Nevada Bd. of Medical Examiners,* 678 F.3d 737, n. 1. (9th Cir. 2012) ("The Eleventh Amendment proscribes § 1983 claims against the Board itself, whether for damages or injunctive relief."). The Nevada District Court then expanded this precedent by recognizing that Eleventh Amendment immunity also immunizes Nevada State Boards from suits under NRS Chapter 613 and state tort law. *Buckner v. Nevada*, 599 F. Supp. 788, 789 (D. Nev. 1984) (dismissing state tort law claims against the Nevada Board of State Prison Commissioners because it had, "not waived its immunity from suit in federal court as conferred by the Eleventh Amendment."); *Baker v. Nevada*, 2015 WL 2233115, at *6 (D. Nev. May 12, 2015). (dismissing state law employment claims under NRS 613.330 against Nevada's Department of Corrections based on the Eleventh Amendment.).

Based on this established precedent, this Court should dismiss Plaintiff's second, third, fourth, fifth, and sixth causes of action against the Board for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996) (holding that claims barred by the Eleventh Amendment, "can be dismissed only under Rule 12(b)(1).").

### 1. In *Buckwalter*, The Ninth Circuit Acknowledged That The Nevada State Board Of Medical Examiners Is Entitled To Sovereign Immunity Under The Eleventh Amendment—Applying That Doctrine To Claims Under 42 U.S.C. § 1983

This Court should dismiss Plaintiff's claims against the Board under 42 U.S.C. § 1983 (as well as under state law) based on the holding in *Buckwalter v. Nevada Bd. of Medical*

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

5
_____
DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

*Examiners,* 678 F.3d 737 (9th Cir. 2012). Therein, the Ninth Circuit agreed that the Nevada State Board of Medical Examiners is immune from suit in federal court based on the sovereign immunity protections afforded to it by the Eleventh Amendment. *Id.* at 740, n. 1.

In short, the Eleventh Amendment embodies the basic principles of sovereign immunity that generally immunize state governments from suit in federal court. In relevant part, the amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens …

U.S. Const., amend XI.

Based on this language, it has become axiomatic that, "an unconsenting State is immune from suit brought in federal courts by her own citizens as well as by citizens of another state." *E.g.*, *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973). Moreover, this immunity protects not only the State itself, but also, "its agencies and departments." *Buckner,* 599 F. Supp. at 789 (D. Nev. 1984) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 (1984)).

In *Buckwalter*, the Ninth Circuit acknowledged that this Eleventh Amendment protection applies specifically to the Nevada State Board of Medical Examiners. *Buckwalter,* 678 F.3d at 740. There the Ninth Circuit was faced with a civil rights complaint under 42 U.S.C. § 1983 made against the Board and certain of its employees that the Nevada District Court had dismissed in full under the doctrine of absolute immunity. In reviewing the decision on appeal, the Ninth Circuit decided to limit its analysis to the immunity of the individual board employees—reasoning that the Board itself was unquestionably immune from suit under the Eleventh Amendment. Specifically, the court noted:

> Buckwalter's suit also names the Nevada State Board of Medical Examiners as a defendant. The Eleventh Amendment proscribes § 1983 claims against the Board itself, whether for damages or injunctive relief. Hence, the only issue in this appeal is the liability of the Board Members in their individual capacities.

*Buckwalter,* 678 F.3d at 740, n. 1.

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

6

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

Based on this holding, Defendants respectfully request that this Court keep with Ninth Circuit precedent by acknowledging: a) that the Board has sovereign immunity from liability for suits in federal court under the Eleventh Amendment; and b) that immunity specifically, "proscribes § 1983 claims against the Board itself." *Id.* Accordingly, this Court should dismiss Plaintiff's claim under 42 U.S.C. § 1983 for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Warnock,* 88 F.3d at 343 (holding that claims barred by the Eleventh Amendment, "can be dismissed only under Rule 12(b)(1).").

    2.    <u>In *Buckner*, The Nevada District Court Acknowledged That Eleventh Amendment Protections Also Protect Nevada State Boards From Being Sued In Federal Court For State Law Tort Claims</u>

In keeping with *Buckwalter*, this Court should carry the Ninth Circuit's application of the Eleventh Amendment to its logical conclusion by similarly dismissing Plaintiff's state law tort claims against the Nevada State Board of Medical Examiners—a logical conclusion already reached by the Nevada District Court in relation to other Nevada State Boards.

Indeed, the Nevada District Court adopted this very interpretation of the Eleventh Amendment in *Buckner*, when it dismissed similar state law tort claims against the Nevada Board of State Prison Commissioners for negligence, infliction of emotional distress, and a failure to properly train, supervise, and discipline its employees. *Bucker*, 599 F. Supp. at 789 (D. Nev. 1984). Addressing these claims on summary judgement, this Court observed that:

> At the threshold, the plaintiff faces the bar of sovereign immunity. The State of Nevada has not waived its immunity from suit in federal court as conferred by the Eleventh Amendment. The immunity protects the State itself and its agencies and departments. Therefore, the motion for summary judgement on behalf of defendants State of Nevada and Board of State Prison Commissioners must be granted.

*Id.* (internal citations omitted).

In making this determination, the Nevada District Court relied on the Nevada's limited waiver-of-immunity statute contained in NRS 41.031(3), which expressly states that, "[t]he State of

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

7

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."

Insofar as NRS 41.031(3) remains unchanged, this Court should abide by its prior precedent in *Buckner*, by acknowledging the Eleventh Amendment protections afforded to the Nevada State Board of Medical Examiners equally immunizes it from state tort law liability in federal court. Accordingly, this Court should dismiss Plaintiff's state law tort claims under against the Board for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

       3.    <u>In *Baker*, The Nevada District Court Acknowledged That Eleventh Amendment Protections Also Warrant Dismissal Of State Employment Law Claims</u>

Unsurprisingly, the Nevada District Court has also acknowledged that Eleventh Amendment protections warrant dismissal of Nevada's state employment law claims under NRS Chapter 613—a holding that this Court should similarly apply to Plaintiff's claims against the Board for sexual discrimination and retaliation under NRS 613.330 and NRS 613.340 respectively. *Baker v. Nevada*, 2015 WL 2233115, at *6 (D. Nev. May 12, 2015).

The Nevada District Court addressed this issue in *Baker*, where it faced a civil rights complaint against the Nevada Department of Corrections ("NDOC") and its employees— alleging similar claims for sexual harassment, discrimination, and retaliation under Title VII and NRS Chapter 613. *Baker*, 2015 WL 2233115, at *3. In response to these allegations, defendants argued that, "the Eleventh Amendment bars [plaintiff's] state-law employment claims," against the NDOC, which this Court accepted given that plaintiff could, "not seriously dispute defendants' legal conclusion." *Id*. Given the strength of this legal premise, the Court agreed to dismiss the NRS Chapter 613 state law employment claim against the NDOC with prejudice— reasoning that any amendment to the, "Eleventh Amendment-barred claims…would be futile." *Id*. at *7.

This is exactly the case here. In addition to the 42 U.S.C. § 1983 and state law tort claims set out above, Plaintiff has brought state law employment claims for sexual discrimination and

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

8

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

retaliation under NRS Chapter 613. In examining these claims, this Court should keep with its holding in *Baker*, by acknowledging that Eleventh Amendment protections extend to state law employment claims under NRS Chapter 613—therefore necessitating dismissal of Plaintiff's claims against the Board for sexual discrimination and retaliation under NRS 613.330 and NRS 613.340 respectively.

> **B. This Court Should Dismiss Plaintiff's Claims Against The Individual Board Employees Under Title VII, NRS Chapter 613, and State Tort Law For Negligent Hiring, Supervision, And Retention Insofar As The Ninth Circuit And Nevada District Court Have Recognized That These Claims May Only Be Brought Against "Employers"**
>
> > 1. This Court Should Dismiss All Title VII and NRS 613 Claims Against The Individual Board Employees Because The Ninth Circuit And Nevada District Courts Have Recognized That Neither Statute Provides For Personal Liability

This Court should dismiss Plaintiff's sexual discrimination and retaliation claims under Title VII and NRS Chapter 613 against the individual Board Employees insofar both the Ninth Circuit and Nevada District Court have acknowledged that neither statute provides for personal liability. *Miller v. Maxwell's Intern. Inc.,* 991 F.2d 583, 587 (9th Cir. 1993) (holding that Title VII only holds, "employers," liable); *Christian v. Nevada Public Works Bd.*, 2009 WL 1407990 (D. Nev. May 18, 2009) (holding that NRS Chapter 613 only holds, "employers," liable).

With regard to Plaintiff's claims under Title VII, both the Ninth Circuit and the Nevada District Court have acknowledged that Title VII does not permit suits against persons in their individual capacities.

In *Miller*, the Ninth Circuit directly addressed this issue wherein it upheld a motion to dismiss sexual harassment claims under Title VII against an organization's owner, CEO, managers, and lower level employees. *Miller,* 991 F.2d at 584. In doing so, the court held that, "Congress assessed civil liability only against an employer under Title VII,"—"protecting [even] supervisory employees from liability in their individual capacities." *Id.* at 587.

In *Baker*, the Nevada District Court then acknowledged the holding in *Miller*, that, "employees cannot be held liable in their individual capacities," and summarily dismissed

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

9

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

similar sexual discrimination and retaliation claims made against certain government officials in their individual capacities with prejudice—notably acknowledging that, "amendment would be futile." *Baker*, 2015 WL 2233115, at *3, 7.

With regard to claims under NRS Chapter 613, the Nevada District Court acknowledged that NRS Chapter 613 similarly does not permit suits against individuals—based largely on pure statutory interpretation and reasoning from the Nevada Supreme Court. *Christian,* 2009 WL 1407990. In *Christian*, the Nevada District Court also addressed the issue directly, when it upheld the Nevada State Public Work Board's motion to dismiss plaintiff's sexual discrimination claim against four of the board's individual members. *Id.* at *1.

Similar to the immediate case, the plaintiff in *Christian* alleged that the organization had begun to create a hostile work environment for her shortly after she made a protected disclosure to a supervisor. *Id.* at *2. Nevertheless, the court in *Christian* still believed that the individual claims should be dismissed given that it was unlikely that the Nevada discrimination statute provided for personal liability.

Most notably, the Nevada District Court highlighted the difference between the Title VII and NRS Chapter 613 definitions of, "employer." *Id.* at *2. While both define "employers" as persons with 15 or more employees, only Title VII includes mention of "agents" within its "employer" definition. *Id.*; *see also*, NRS 613.310(2) (defining, "employer"). Even with the inclusion of the "agents" language, however, federal courts have still interpreted Title VII as providing no form of personal liability whatsoever. *Id.* Accordingly, the absence of that language from NRS Chapter 613, makes it even more likely that NRS Chapter 613 was similarly designed with no personal liability provision in mind. *Id.*

The Nevada District Court in *Christian* then looked to how the Nevada Supreme Court had recently addressed NRS Chapter 613's definition of "employer" in similar cases. Specifically, in *Chavez v. Sievers,* 118 Nev. 288, 293 (Nev. 2002), the Court had upheld defendant's motion for summary judgement on plaintiff's racial discrimination claim because, as plaintiff admitted, defendant did not have at least 15 employees. In conceding this however, plaintiff instead requested that the Court recognize a common law cause of action for tortious

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

10

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

discharge on the basis of race. The Court refused this request on the basis that the Nevada legislature, "by limiting the application of the statute to employers with 15 or more employees, did not intend for small employers to be subject to liability." *Id.* at 292-93.

As the court in *Christian* pointed out, Nevada Supreme Court's reasoning in *Chavez* exactly tracked the reasoning of the Ninth Circuit in *Miller,* when it reasoned that, "since Title VII exempts small employers, Congress could not have intended to impose liability on individuals." *Christian,* 2009 WL 1407990, at *2 (quoting *Miller,* 991 F.2d at 587-88. Based thereon, the Nevada District Court in *Christian* dismissed plaintiff's individual claims under NRS Chapter 613. *Christian,* 2009 WL 1407990, at *1

Accordingly, this Court should follow its holding in *Christian*, as well as the Ninth Circuit's holding in *Miller*, and similarly dismiss Plaintiff's claims for sexual discrimination and retaliation under both Title VII and NRS Chapter 613 against the individual Board Employees in their individual capacities—largely on the basis that both statutes subject only "employers" and not employees, to liability.

> 2. <u>This Court Should Dismiss Plaintiff's Negligent Hiring, Supervision, And Retention Claim Against The Individual Board Employees Because That Claim Can Only Impose Liability On "Employers"—Not Employees</u>

Put simply, this Court should dismiss Plaintiff's claims against the individual Board Employees for negligent hiring, supervision, and retention because these tort claims impose liability only upon employers—not employees.

In *Hall*, the Nevada Supreme Court discussed the torts of negligent hiring, supervision, and retention—specifically with regard to the duties those impose. *Hall v. SSF Inc.,* 930 P.2d 94, 98 (1996). In articulating the standard, *Hall* described that the, "[t]he tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Id*. Similarly, "the employer has a [concurrent] duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Id.* at 99 (citing 27 Am.

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

11

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

Jur. 2d, *Employment Relationship* §§ 475-76 (1996)). Notably, in each case, the Court articulated the relevant duty as being imposed only upon the "employer."

Indeed, the theory underlying these causes of action, support the position that only, "employers" may be held liable for them. In short, these causes of action developed as a "direct liability" alternative to an employer's traditional "vicarious liability" under the theory of respondeat superior. *E.g.*, 30 C.J.S., *Employer-Employee* § 189, at 268 (1992) ("[W]here the doctrine of respondeat superior is inapplicable, an employer may be liable to a third person for its negligence in the training and supervision of its employees. The basis of the employer's liability…is direct, not vicarious, liability"); 27 Am. Jur. 2d, *Employment Relationship* § 390, at 842 (2004) ("The theory of direct liability [for negligent hiring, supervision, or retention] is completely separate from the respondeat superior theory of vicarious liability because the cause of action is premised on the wrongful conduct of the employer."). Based on this underlying theory, Nevada courts have correctly reasoned that such claims are to be "asserted directly against the employer independently of any negligence committed by the employee." *E.g.*, *Daniels v. Engel*, 2014 WL 7802888 (Nev. Dist. Ct. Jan. 24, 2014).

Accordingly, insofar as negligent hiring, supervision, and retention are based on a specific theory of liability that requires them to be "asserted directly against the employer," Plaintiff cannot adequately maintain these theories against non-employers, such as her fellow individual Board Employees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

12

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

## V. CONCLUSION

For the aforementioned reasons, Defendants' respectfully request that the Court grant Defendants' Motion to Dismiss the above identified claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and issue an order requiring Plaintiff to file an amended complaint accordingly.

Dated: January 4, 2018         SUTTON HAGUE LAW CORPORATION, P.C.

By: _____
S. BRETT SUTTON
Attorney for Defendant
STATE OF NV BOARD OF MEDICAL EXAMINERS, PAMELA CASTAGNOLA, KIM FRIEDMAN,
KATI PAYTON, and EDWARD COUSINEAU

Sutton Hague
Law Corporation
6720 Via Austi Parkway,
Suite 430
Las Vegas, NV 89119

13

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)