**S. BRETT SUTTON, 12109**
brett@suttonhague.com
**JARED HAGUE, 12761**
jared@suttonhague.com
**ANTHONY E. GUZMAN II, 14373**
anthony@suttonhague.com
**SUTTON HAGUE LAW CORPORATION, P.C.**
6671 S. Las Vegas Blvd., Suite 210
Las Vegas, Nevada 89119
Telephone: (702) 270-3065
Facsimile: (702) 920-8944

Attorneys for Defendants:
STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS,
PAMELA CASTAGNOLA, KIM FRIEDMAN,
KATI PAYTON, and EDWARD COUSINEAU

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LARA WARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS, DON ANDREAS, an Individual, PAMELA CASTAGNOLA, an Individual, KIM FRIEDMAN, an Individual, KATI PAYTON, an Individual, TODD RICH, an Individual, AND EDWARD COUSINEAU, an Individual; DOES I - X,<br><br>Defendants. | **Case No.:** 2:17-cv-03029-JAD-NJK<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING CONFIDENTIALITY AGREEMENT**<br><br>**Complaint Filed:** December 11, 2017<br><br>**Trial Date:** None set |

Plaintiff, LARA WARD ("Plaintiff") and Defendants, STATE OF NEVADA, ex rel. its BOARD OF MEDICAL EXAMINERS, PAMELA CASTAGNOLA, KIM FRIEDMAN, KATI PAYTON, DON ANDREAS, and EDWARD COUSINEAU ("Defendants") (jointly the "parties") by and through their respective attorneys of record, hereby stipulate and agree as follows:

1. <u>Parties' Acknowledgment and Agreement.</u>  The parties acknowledge and agree that certain information subject to discovery in the above-captioned matter may contain privileged information, trade secret, proprietary, private, confidential, and/or other business and/or personal information, which, if divulged, could damage one or more parties' business interests and/or could infringe on a constitutionally protected right of privacy.  Subject to and without waiving any objections any party may have as to the discoverability of any information, the parties, by and through their respective attorneys of record, hereby stipulate and agree that documents and information produced during the course of discovery in this matter shall be protected against inappropriate disclosure in accordance with the terms and conditions set forth below.

2. <u>Scope of Stipulation and Protective Order</u>.  This Stipulation and [Proposed] Protective Order Regarding Confidentiality Agreement ("Stipulation and Protective Order") shall govern all materials produced by the parties to this action in response to any discovery request in this action, including informal production and discovery produced by the parties prior to entering into this agreement (including, but not limited to, computer hardware, documents, and deposition transcripts) and all information contained in those materials, and all copies, excerpts, or summaries of those materials (hereinafter collectively referred to as "DISCOVERY MATERIAL") and DISCOVERY MATERIAL produced by third parties in response to discovery if designated confidential by any of the Parties within 30 days of production of such information by a third party.

3. <u>Computer Hardware</u>.  Discovery requests concerning non-privileged information that is kept in electronic format in the normal course of Defendants' business shall be produced in electronic format.  All other non-privileged information shall be produced in hard/paper copy format.

4. <u>Non-Party DISCOVERY MATERIAL</u>.  This Stipulation and Protective Order shall govern all DISCOVERY MATERIAL produced during discovery by any non-parties.  In the event a non-party requests the protections provided by this Stipulation and Protective Order, such non-party will be treated as a party under this Stipulation and Protective Order.

5. <u>Definitions of and Limitations on Use of CONFIDENTIAL DISCOVERY MATERIAL</u>. Confidential information subject to this Stipulation and Protective Order ("CONFIDENTIAL DISCOVERY MATERIAL") is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, medical, mental health or otherwise non-public business, technical, or financial information, employee personnel and earnings information, or information protected by third-party privacy rights. CONFIDENTIAL DISCOVERY MATERIAL includes not only the information contained in documents and other materials designated as such pursuant to this Stipulation and Protective Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from CONFIDENTIAL DISCOVERY MATERIAL. The parties acknowledge that the only information to be designated as CONFIDENTIAL DISCOVERY MATERIAL is that which is properly subject to protection or which may be held confidential pursuant to NRS 630.336 and/or NRS 630.311. The party or third party asserting the "Confidential" designation as to any DISCOVERY MATERIAL shall have the burden of justifying that the designation is consistent with Nevada law. Until the Court or Arbitrator rules otherwise, the challenged DISCOVERY MATERIAL shall be treated as CONFIDENTIAL.

6. <u>Designation of Material as "Confidential."</u> Any party to this Stipulation and Protective Order may, in good faith, designate DISCOVERY MATERIAL that consists of or includes non-public information that would reasonably be subject to protection as "Confidential." Such DISCOVERY MATERIAL may include documents, deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action. Designation of DISCOVERY MATERIAL containing CONFIDENTIAL DISCOVERY MATERIAL shall be made by stamping the legend "Confidential—Subject to Protective Order" or "Confidential" on the document. Multi-paged CONFIDENTIAL DISCOVERY MATERIAL that is bound together need only be designated on the first page. If the CONFIDENTIAL DISCOVERY MATERIAL cannot be so labeled, it will be designated "Confidential" in some other conspicuous manner. Any "Confidential"

designation that is inadvertently omitted during document production may be corrected by written notice to the other party. In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production.

7. <u>Confidential Treatment for Documents not Designated.</u> Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials and within thirty (30) days of their production marks the subject documents or other materials with the word "Confidential" and reproduces them. All documents and other materials produced by a non-party and not designated as "Confidential" by a party at the time of their production shall nonetheless be treated as CONFIDENTIAL DISCOVERY MATERIAL for thirty (30) days following such production.

8. <u>Designation of Confidential Deposition Testimony</u>. With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as CONFIDENTIAL DISCOVERY MATERIAL, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice of specific pages and lines of testimony to all other counsel that such information is being designated as "Confidential" within thirty (30) days after receiving a copy of the deposition transcript. Each party shall attach a copy of such written notice to all copies of the deposition within its possession, custody, or control.

9. <u>Limited Use of CONFIDENTIAL DISCOVERY MATERIAL</u>. CONFIDENTIAL DISCOVERY MATERIAL will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof. A party shall not disseminate any CONFIDENTIAL DISCOVERY MATERIAL produced by the other party or by a non-party except as necessary for use in these proceedings, and subject to the further restrictions set forth in paragraph 10, below. The parties shall take reasonable and prudent measures to safeguard the confidentiality of all CONFIDENTIAL DISCOVERY MATERIAL.

10. <u>Disclosure of CONFIDENTIAL DISCOVERY MATERIAL.</u> All CONFIDENTIAL DISCOVERY MATERIAL may be used solely for the purpose of this litigation and not for any business or other purpose. CONFIDENTIAL DISCOVERY MATERIAL shall not be used or disclosed directly or indirectly by the party receiving such CONFIDENTIAL DISCOVERY MATERIAL to persons other than:

(a) The Court or Arbitrator, persons employed by the Court or Arbitrator/Arbitration Tribunal, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the Court or Arbitrator or agreed-to by the parties;

(b) Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c) Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation; and

(d) Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the CONFIDENTIAL DISCOVERY MATERIAL to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance.

(e) Any person agreed upon by the parties to serve as a mediator in this litigation.

(f) A witness during the deposition of that witness for the purpose of examining that witness concerning the CONFIDENTIAL DISCOVERY MATERIAL, provided that the witness has executed an undertaking in the form attached hereto as Exhibit A. In the event that a witness at deposition refuses to provide such certification after having been given a copy of this Stipulation and Protective Order and an opportunity to read the order in its entirety, disclosure of CONFIDENTIAL DISCOVERY MATERIAL to the witness for purposes of examining the witness may occur only after the following statement is read to the witness on the

record: "A Protective Order has been entered by the Court [or Arbitrator] in this action. You have been given a copy of the Protective Order and an opportunity to read the order in its entirety. Documents and information designated as "Confidential" or "Confidential – Subject to Protective Order" on their face, or by counsel during the course of this deposition, shall be subject to the terms of the Protective Order, and violations of the order may subject the violator to contempt proceedings or other remedies to the extent provided by law."

Any party that seeks to make disclosure of CONFIDENTIAL DISCOVERY MATERIAL permitted under this Order to a person listed in subparagraphs 10(c) or 10(e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Stipulation and Protective Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the party who discloses CONFIDENTIAL DISCOVERY MATERIAL in this way.

11. <u>Challenge to Designation of CONFIDENTIAL DISCOVERY MATERIAL or Redactions of Information Contained Therein</u>. Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the party making the designation and to all other parties at least forty-five (45) days before trial in this matter. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within fourteen (14) days of the giving of such written notice, it shall be the obligation of the party designating the documents as "Confidential" to file an appropriate motion requesting a ruling by the Court or Arbitrator that the disputed documents or other materials be designated "Confidential." The disputed documents or other materials shall be treated as CONFIDENTIAL DISCOVERY MATERIAL pending a ruling from the Court or Arbitrator.

12. <u>No Waiver of Objections</u>. Nothing in this Stipulation and Protective Order shall constitute a waiver of a party's right to object to the production of DISCOVERY MATERIAL on privacy, attorney-client privilege, attorney work product, relevancy, or other grounds when a party deems such an objection to be necessary or appropriate, or to demand more stringent

6
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY AGREEMENT

restrictions upon the treatment and disclosure of any DISCOVERY MATERIAL on the ground that it contains particularly sensitive information. Failure to object to the designation of particular documents or other materials as "Confidential" does not imply acceptance of that designation, which may be challenged at any time by way of motion after the party seeking to file such a motion meets and confers with the party making the designation.

13. <u>No Restriction on Material Independently Obtained or Publicly Available Material</u>. Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a party independently from formal discovery in this action, regardless of whether the same material has been obtained during the course of discovery in the action and regardless of whether such documents or information have been designated as CONFIDENTIAL DISCOVERY MATERIAL or whether such information has been redacted.

14. <u>Exemption for Authors and Recipients of Confidential Documents</u>. Nothing in this Stipulation and Protective Order shall be deemed to prohibit disclosure of any document designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient thereof.

15. <u>No Limitation on Party's Use of Own DISCOVERY MATERIAL</u>. Nothing in this Stipulation and Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of DISCOVERY MATERIAL produced by such party.

16. <u>Use of CONFIDENTIAL DISCOVERY MATERIAL in Court/Arbitration Proceedings</u>. ~~In the event that any CONFIDENTIAL DISCOVERY INFORMATION is used in any Court or Arbitration proceeding in this action, it shall not lose its confidential status through such use. Nothing herein shall be construed to affect in any way the admissibility of any~~ [See order issued concurrently herewith] ~~, or other evidence at trial. Documents or other materials filed by any party with the Court or Arbitrator before, during, or after trial or arbitration that contain CONFIDENTIAL DISCOVERY MATERIAL shall be placed under seal and not made available to persons other than the Court and persons authorized by this Stipulation.~~

///

7
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY AGREEMENT

17. <u>Modification of this Protective Order</u>.  Any party to this Stipulation and Protective Order may apply to the Court or Arbitrator for modification of this Stipulation and Protective Order at any time.  Nothing in this Stipulation and Protective Order shall preclude the parties from agreeing to amend or modify this Stipulation and Protective Order or from agreeing to extend it to other legal proceedings between some or all of the parties, so long as any such agreement (i) is in a signed writing and (ii) applies to CONFIDENTIAL DISCOVERY MATERIAL that was produced by the signatories to such an agreement.  The closure of trial or arbitration proceedings and sealing of the record of a trial or arbitration are not covered by this Stipulation and Protective Order.  These issues may be taken up upon the motion of any party or at the pre-trial conference.

18. <u>Removal of DISCOVERY MATERIAL from Scope of Protective Order</u>.  Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Stipulation and Protective Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Stipulation and Protective Order shall prevent any party from disclosing its own CONFIDENTIAL DISCOVERY MATERIAL as it deems appropriate.

19. <u>Post-Litigation Treatment of CONFIDENTIAL DISCOVERY MATERIAL</u>.  The provisions of this Stipulation and Protective Order shall not terminate at the conclusion of these actions.  Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" or "Confidential – Subject to Protective Order" and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents upon request or, at the option of the producing party, destroyed; except that counsel of record may retain for their files copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose CONFIDENTIAL DISCOVERY MATERIAL.  All counsel of record shall execute a certification of compliance herewith and shall deliver the same to counsel for the party that produced the documents not more than 120 days after said request.

/ / /

20. <u>Continuing Effect of this Stipulation and Protective Order</u>. Neither the termination of the litigation of the above-captioned matter nor the termination of employment of any person who had access to any CONFIDENTIAL DISCOVERY MATERIAL shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Stipulation and Protective Order.

21. <u>Inadvertent Disclosure of CONFIDENTIAL DISCOVERY MATERIAL.</u> The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney client privilege and the protection afforded to work product materials. If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or CONFIDENTIAL DISCOVERY MATERIAL containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such CONFIDENTIAL DISCOVERY MATERIAL and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such CONFIDENTIAL DISCOVERY MATERIAL and information. The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the CONFIDENTIAL DISCOVERY MATERIAL and the copies returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the DISCOVERY MATERIALS are privileged or otherwise protected.

21. <u>Stipulation and Protective Order</u>. The parties agree to submit this Stipulation and Protective Order for entering by the Court or Arbitrator and to be bound by its terms prior and subsequent to entry by the Court or Arbitrator.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| **Date:** March 22, 2018 | | SUTTON HAGUE LAW CORPORATION, P.C. |
| | By: | /s/ S. Brett Sutton |
| | | S. BRETT SUTTON |
| | | JARED HAGUE |
| | | ANTHONY E. GUZMAN II |
| | | Attorneys for Defendants |
| | | STATE OF NV BOARD OF MEDICAL EXAMINERS, PAMELA CASTAGNOLA, KIM FRIEDMAN, KATI PAYTON, and EDWARD COUSINEAU |
| **Date:** March 22, 2018 | | GARG GOLDEN LAW FIRM |
| | By: | /s/ Anthony Golden |
| | | ANTHONY GOLDEN |
| | | Attorneys for Defendants |
| | | DON ANDREAS |
| **Date:** March 22, 2018 | | HKM EMPLOYMENT ATTORNEYS, LLP |
| | By: | /s/ Jenny L. Foley |
| | | JENNY L. FOLEY |
| | | Attorney for Plaintiff |
| | | LARA WARD |

# [~~PROPOSED~~] ORDER

GOOD CAUSE APPEARING, it is hereby ORDERED, ADJUDGED, AND DECREED that all parties to this action shall obey the provisions of the attached Stipulation.

**IT IS SO ORDERED.**

**Date:** March 23, 2018

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CONSENT TO BE BOUND

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Stipulation and Protective Order Regarding Production of Confidentiality Agreement (the "Protective Order") in this action entitled *Ward v. State of Nevada ex rel. its Board of Medical Examiners, et al.,* I have carefully read the provisions of the Protective Order, and I understand those provisions.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" or "Confidential – Subject to Protective Order" that I receive or view in this action.

4. I further irrevocably consent to the jurisdiction of the United States District Court, District of Nevada for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this _____ day of _____, 2018.

_____
Signature